UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

        Plaintiff,

v.                           Case No:  2:17-cv-117-FtM-38CM

THE CITY OF FORT MYERS,
MICHEL PERRY and MICHAEL
PERRY,

        Defendants.

_____/

**<u>OPINION AND ORDER</u>**[1]

    Pending before the Court is Defendant Officer Michael Perry's Motion to Dismiss

(Doc. 25) and Defendant City of Fort Myers' Motion to Dismiss Amended Complaints

(Doc. 26).  Plaintiff Mamberto Real, appearing *pro se*, has not opposed the motions and

the time to do so has expired.

    This is a civil rights action under 42 U.S.C. § 1983.  Real sues the City and Officer

Perry[2] for constitutional violations because of a late-night encounter between him and the

Officer.  A homeless Real was sleeping in his car in a local company's parking lot.  Officer

Perry allegedly approached Real's car with a flashlight, "and without any protocolary [sic]

introduction, the Officer stated, 'They do not want you here, I already know you have

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The operative pleading names both "Michel Perry" and "Michael Perry" as defendants.  (Doc. 14).  Based on Officer Perry's motion, it appears that Real is suing only him and merely offered different spellings for the Officer's first name.

driver license; you have five seconds to leave, or I am going to shoot you NIGGER.'"
(Doc. 14 at ¶ 8). Officer Perry counted to five and allegedly pointed his gun at Real, who
left the parking lot without any physical injury. (*Id.*). Real filed this suit about a week later.
(Doc. 1).

A year and two tries later, United States Magistrate Judge Carol Mirando allowed
Real to proceed *in forma pauperis.* (Doc. 13). In doing so, the Magistrate Judge reviewed
the amended complaint in which Real asserted only Fourteenth Amendment equal
protection and due process claims against Officer Perry. (Doc. 11). The due process
claim was found to be plausible and the sole basis for granting IFP relief. Yet, the
Magistrate Judge allowed Real to file a second amended complaint that re-alleged his
equal protection claim. (Doc. 13 at 8). The Magistrate Judge told Real that if he did not
file a second amended complaint, the amended complaint would be the operative
pleading.

Real elected to file a Second Amended Complaint. (Doc. 14). Not only did he re-
allege the equal protection claim, but he also added Fourth and Eighth Amendment claims
and added the City as a defendant. (*Id.*). According to Real, Officer Perry violated his
Fourth and Eighth Amendment rights because the Officer pointing his gun at him was
excessive force and cruel and unusual punishment. (*Id.* at ¶¶ 13-14). Real also alleges
that Officer Perry violated his equal protection rights because he is African-American (and
Hispanic) and Officer Perry would have treated a white person in his "social situation"
more favorably. (*Id.* at ¶ 15). Officer Perry also violated, in Real's view, the due process
clause because he "pointed a gun upon Plaintiff's face arbitrarily, without any justifiable
legal defense to do so." (*Id.* at ¶ 16). And Real alleges the City violated his constitutional

rights through "an official policy, custom, or usage." (*Id.* at ¶ 20). Allowing Real to re-plead a second amended complaint while granting him IFP has created a procedural hiccup. And to complicate matters, Officer Perry and the City have filed separate motions to dismiss that are directed at the amended complaint – not the Second Amended Complaint. (Doc. 25; Doc. 26). Their focus on the amended complaint suggests they were not served with the operative pleading. And the record does not clarify this added service issue.

While the case's procedural posture is muddied and the record hazy, it is clear that this case has to get back on track. Real initiated this case more than one year ago and Defendants still appear to be unclear on what document is the operative pleading. Because the City's and Officer Perry's motions to dismiss do not address the Second Amended Complaint, the Court denies the motions without prejudice and permits them to file renewed responses to the Second Amended Complaint.[3]

Accordingly, it is now

**ORDERED:**

(1) Defendant Michael Perry's Motion to Dismiss (Doc. 25) is **DENIED** without prejudice.

(2) Defendant City of Fort Myers' Motion to Dismiss Amended Complaints (Doc. 26) is **DENIED** without prejudice.

(3) Defendants must respond to the Second Amended Complaint on or before **April 25, 2018**.

---

[3] In filing motions before this Court, Defendants are reminded that they cannot state empty legal conclusions and declare victory. Nor can they expect the Court to fill in the missing analysis and legal authority that may support their conclusory positions.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of April 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Magistrate Judge Carol Mirando
All Parties of Record