UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                               Case No: 2:17-cv-117-FtM-38CM

THE CITY OF FORT MYERS,
MICHEL PERRY and MICHAEL
PERRY,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Default filed on April 26, 2018. Doc. 40. Although the motion requests an entry of default against Defendant Michael Perry pursuant to Federal Rule of Civil Procedure 55(b), the Court construes Plaintiff's request as one under Rule 55(a).[1] For the reasons stated below, the Court will deny the motion.

Under Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry

---

[1] To the extent Plaintiff intended to seek a default judgment under Rule 55(b), such a request would be premature. *See Berenato v. Tankel*, No. 3:10-cv-979-J-32MCR, 2011 WL 17618, at *1 (M.D. Fla. Jan. 4, 2011) ("[P]ursuant to Rule 55(b), a party cannot obtain a default judgment until the Clerk has entered default.").

of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). "Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-32MCR, 2011 WL 4501385, at *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588 (S.D. Fla. 2008)). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.*

Here, Mr. Perry has been actively litigating this case. After denying Mr. Perry's previous motion to dismiss the Second Amended Complaint, the Court ordered him to respond to the Second Amended Complaint on or before April 25, 2018. Doc. 25, 36. Upon failing to do so, Plaintiff filed the instant motion seeking an entry of default against Mr. Perry on April 26, 2018. Doc. 40. Later that same day, Mr. Perry filed his amended motion to dismiss Plaintiff's Second Amended Complaint. Doc. 42. In the interests of adjudicating this case on the merits, the Court will accept Mr. Perry's untimely motion to dismiss[2] and deny Plaintiff's motion for default. The Court cautions, however, that any future untimely filings may not be accepted.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Entry of Default (Doc. 40) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of April, 2018.

---

[2] The Court notes Mr. Perry did not so much as request a post-expiration motion for an extension of time pursuant to Rule 6(b)(1)(B) before filing his motion to dismiss.

- 3 -

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record