UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                                Case No: 2:17-cv-117-FtM-38CM

THE CITY OF FORT MYERS,
MICHEL PERRY and MICHAEL
PERRY,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Default filed on April 30, 2018. Doc. 44. Although the motion requests an entry of default against Defendant City of Fort Myers ("the City") pursuant to Federal Rule of Civil Procedure 55(b), the Court construes Plaintiff's request as one under Rule 55(a).[1] *See id.* For the reasons stated below, as similarly explained in the Court's Order denying Plaintiff's nearly identical motion about Defendant Michael Perry, the Court will deny the motion. *See* Docs. 40, 43.

Under Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[1] To the extent Plaintiff intended to seek a default judgment under Rule 55(b), such a request would be premature. *See Berenato v. Tankel*, No. 3:10-cv-979-J-32MCR, 2011 WL 17618, at *1 (M.D. Fla. Jan. 4, 2011) ("[P]ursuant to Rule 55(b), a party cannot obtain a default judgment until the Clerk has entered default.").

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). "Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-32MCR, 2011 WL 4501385, at *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588 (S.D. Fla. 2008)). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.*

Here, Plaintiff claims the City is in default because it failed to appear, plead or otherwise defend by its April 25, 2018 deadline to respond to the Second Amended Complaint. Doc. 44-1 ¶¶ 4-5. However, the City has been actively litigating this case and timely filed a responsive pleading—a motion to dismiss Plaintiff's Second Amended Complaint—on the April 25, 2018 deadline. *See* Docs. 36, 38. The City also filed an amended motion to dismiss the following day, however, which appears to be the subject of Plaintiff's motion. *See* Doc. 39; *see also* Doc. 44-1 ¶ 5. Although the amended motion to dismiss was filed a day after the deadline, the Court will accept it in the interests of adjudicating this case on the merits. The Court cautions, however, that any future documents untimely filed without leave of Court may not be accepted.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion for Entry of Default (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of May, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties