UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

        Plaintiff,

v.                                       Case No: 2:17-cv-117-FtM-38CM

THE CITY OF FORT MYERS,
MICHEL PERRY and MICHAEL
PERRY,

        Defendants.
                                       /

## **OPINION AND ORDER**[1]

        This matter comes before the Court on *sua sponte* review of the Second Amended Complaint. (Doc. 14). Plaintiff Mamberto Real, appearing *pro se*, brings this action against the City of Fort Myers and Officer Michael Perry under 42 U.S.C. § 1983 after a late-night encounter between him and Officer Perry.

        Real was sleeping in his car around 12:40 a.m. in a local company's parking lot. Officer Perry allegedly approached Real's car with a flashlight and stated, "They do not want you here, I already know you have driver license; you have five seconds to leave, or I am going to shoot you NIGGER." (Doc. 14 at ¶ 8). Officer Perry counted to five and allegedly pointed his gun at Real, who left the parking lot without injury or arrest. (Doc. 14). Real filed this suit about a week later.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

The crux of Real's suit is that Officer Perry violated his Fourth, Eighth, and Fourteenth Amendment rights by pointing his gun at Real and using a racial slur. Real also claims that the City violated the same amendments through its policy, custom, and procedure. Even construing Real's Second Amended Complaint liberally because of his *pro se* status, the Court finds it lacks subject matter jurisdiction.

"A federal court not only has the power but also the obligation . . . to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *Hallandale Prof's Fire Fighters Local 2238 v. City of Hallandale,* 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based"). Federal courts are forums of limited jurisdiction. *Fitzgerald*, 760 F.2d at 1250 (citation omitted). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).

Section 1983 itself does not grant federal courts subject matter jurisdiction. Courts have subject matter jurisdiction over § 1983 claims under either 28 U.S.C. § 1343(a)(3) or 28 U.S.C. § 1331. Under § 1343(a)(3)

> [t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

> citizens or of all persons within the jurisdiction of the United States[.]"

28 U.S.C. § 1343(a)(3). Section 1331 separately provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. "Under § 1331, federal courts have federal-question jurisdiction over suits 'in which a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Dinardo v. Palm Beach Cty. Cir. Ct. J., 199 F. App'x 731, 737 (11th Cir. 2006) (citation omitted).

"Merely asserting a federal cause of action[, however,] is not enough to establish federal question jurisdiction." See Sweeney v. McConnell, No. 3:11CV517/MCR/EMT, 2011 WL 6752424, at *2 (N.D. Fla. Nov. 23, 2011), *report and recommendation adopted*, 3:11CV517/MCR/EMT, 2011 WL 6757208 (N.D. Fla. Dec. 23, 2011) (citation omitted). And mere assertions are what Real pleads in the Second Amended Complaint.

Although Real references § 1983 and certain constitutional amendments, it is unclear what constitutional rights Defendants allegedly violated when Real was neither arrested nor seized. See Martinez v. Nienhuis, No. 8:14-cv-2645-T-33AEP, 2014 WL 5439772, at *1 (M.D. Fla. Oct. 21, 2014) (dismissing a complaint for lack of jurisdiction when the plaintiff made a conclusory allegation that the case was brought under § 1983). And the Court has no obligation to hypothesize a federal claim, even considering Real's *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." (internal quotation omitted)). To complicate matters, the Second Amended

Complaint fails to allege specific causes of action and the factual allegations to support each. In short, Real does not allege any elements of constitutional violations to give rise to federal question jurisdiction. The Court thus lacks subject matter jurisdiction and dismisses this case without prejudice.

Accordingly, it is

**ORDERED:**

(1) The Second Amended Complaint is **DISMISSED without prejudice.**

(2) The Clerk is **DIRECTED** to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of May 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record