UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

        Plaintiff,

v.                                          Case No: 2:17-cv-117-FtM-38CM

THE CITY OF FORT MYERS,
MICHEL PERRY and MICHAEL
PERRY,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on *pro se* Plaintiff Mamberto Real's Motion for Reconsideration. (Doc. 52). The Court dismissed without prejudice his case for lack of subject matter jurisdiction (Doc. 51), which Real now claims was done "by mistake or error" (Doc. 52). For the following reasons, the Court denies Real's motion.

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinarily remedy used sparingly. See *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003);

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Courts recognize three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

Here, Real has not demonstrated any ground to justify the Court reconsidering its prior Order. He has shown neither an intervening change in controlling law nor new evidence that has become available. He similarly does not show how reconsideration is necessary to correct a clear error or prevent manifest injustice. This is particularly so where the Court dismissed his case without prejudice and he has filed another case

claiming similar issues.  See *Real v. Perry*, No. 2:18-cv-331-FtM-29CM (M.D. Fla. May 11, 2018).  The Court thus denies Real's motion.

Accordingly, it is now

**ORDERED:**

Plaintiff Mamberto Real's Motion for Reconsideration (Doc. 52) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of May 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record